**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cody Alan Stephens<br><br>            Plaintiff,<br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-22-00862-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Cody Alan Stephens' Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 11), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 12), to which Plaintiff replied, (Doc. 13). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 9), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 9-3 at 16-43) and will affirm the ALJ's decision for the reasons addressed herein.

**I.    BACKGROUND**

Plaintiff filed an Application for SSDI benefits in June of 2019, alleging a disability beginning in May of 2016. (Doc.9-3.) Plaintiff's claim was initially denied in October 21 of 2019. (Doc. 9-3 at 20.) A hearing was held before ALJ Bettye Rutledge on January 14, 2021 (*Id.*) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including "epilepsy, status post cerebrovascular accident (CVA); deep vein thrombosis (DVT); major depressive disorder (MDD); and

anxiety disorder." (Doc. 9-3 at 2.)  However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). (Doc. 9-3 at 26.)  Consequently, Plaintiff's Application was again denied by the ALJ on April 7, 2021. (Doc. 9-3 at 36.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")— and this appeal followed.

## II.     LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.    DISCUSSION

Plaintiff argues that the ALJ committed harmful error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion evidence. (Doc. 11.)  The Commissioner argues that the ALJ's opinion is supported by the record as a whole and free of harmful error.  (Doc. 12.)  The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

### A. Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).  First, the

ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues the ALJ committed materially harmful error by rejecting his symptoms testimony without specific, clear, and convincing reasons supported by substantial record evidence when Plaintiff's testimony showed it is impossible for him to perform sustained work. (Doc. 11 at 14.) The Commissioner argues the ALJ gave valid reasons for discounting Plaintiff's subjective complaints, including that his testimony was inconsistent with the medical record and that Plaintiff's daily activities contradicted his allegations. (Doc. 12 at 16.)

Here, after comparing Plaintiff's subjective allegations with the objective medical and other evidence, the ALJ found that Plaintiff's subjective testimony regarding his symptoms was not entirely consistent with the medical record. (Doc. 9-3 at 31.); 20 C.F.R. § 404.1529(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While

subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). The ALJ noted that Plaintiff alleged he is unable to work due to mental problems stemming from his initial injury including anxiety; PTSD; problems maintaining conversations; poor memory; and seizures. (Doc. 9-3 at 27.) The ALJ also noted Plaintiff alleged physical problems from the injury including issues lifting, squatting, standing, kneeling, and climbing; hearing, completing tasks, and concentrating. (*Id.*) The ALJ also pointed to the seizure questionnaire which summarized that Plaintiff has had 11 accounted for seizures since his 2011 stroke but the most recent record from 2020 shows that his brain MRI was unchanged, and the seizures have been controlled with medicine. (*Id.* at 27, 29.)

Additionally, the ALJ pointed to a 2020 visit with Plaintiff's psychiatrist where, despite symptoms, Plaintiff was reported to be "in good spirits and his mood much improved." (*Id.* at 31.) Further, Plaintiff himself also testified that he was able to do activities such as go to the store, care for his cat, make his bed, do laundry, and use public transportation. (*Id.* at 27.) As the Commissioner also points out, therapy notes from 2019 report that Plaintiff did not want to seek out employment, although he had applied for some jobs previously, because he did not want to "jeopardize" his ability to receive disability benefits. (Doc. 9-21 at 133, Doc. 9-22 at 58.)

Ultimately, despite Plaintiff's testimony and evidence showing he could be reasonably expected to have symptoms from his impairments, medical evidence showed that he "has no significant residual effects from his stroke," his DVT is controlled with anticoagulants, he has not had a seizure in over a year, and his mental state is able to improve with methadone maintenance and medication. (*Id.*) These are all valid reasons, supported by the record, to discount Plaintiff's testimony. Therefore, the Court finds that substantial evidence supports the ALJ's findings as to Plaintiff's symptoms. *See Biestek*, 139 S. Ct. at 1153.

**B. Evaluation of Medical Testimony**

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Id.* (quoting *Lester*, 81 F.3d at 830). An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

For claims filed after March 27, 2017, the rule that previously gave deference to opinions from treating physicians has been rescinded. Additionally, the changes in regulations "displace our longstanding case law requiring an ALJ to provide 'specific and legitimate' reasons for rejecting an examining [or treating] doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). However, the court held that "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence". *Id.* at 792. The revised regulations require that the ALJ explain only how she considered the supportability and consistency of a medical opinion when assessing its persuasiveness. *Id.*; *see also* 20 C.F.R.

§ 404.1520c. This claim was originally filed on June 14, 2019; therefore, these new rules apply.

Plaintiff argues the ALJ committed materially harmful error by rejecting Dr. McCall's assessment without sufficient explanation supported by substantial evidence. (Doc. 13.) The Commission argues that substantial evidence supports the ALJ's assessment of Dr. McCall's medical opinion. (Doc. 12 at 6.)

Here, Dr. McCall's 2020 assessment noted that because of certain medications Plaintiff was prescribed for his injury, he may have fatigue, lethargy, dizziness, and cognitive slowing which could impact his ability to work. ( Doc 9-41 at 28.) He also testified that Plaintiff would likely be unable to work four or more days out of a month because of his condition, would face extreme difficulty functioning in several capacities needed in a workplace, and is "easily overwhelmed by minimal stressors" which would make it difficult for him to work at a regular job on a sustained basis. (*Id.* at 30–32.)

The ALJ noted that although Dr. McCall was one of Plaintiff's treating providers, his opinion "grossly" overstated Plaintiff's limitations, and was not supported by his own treatment records. (Doc. 9-3 at 33.) Plaintiff also argues the ALJ lacked sufficient specificity in discounting Dr. McCall's testimony. The Court disagrees. The ALJ, although also referencing the whole record, pointed to Dr. McCall's own treatment records to show that his opinion was inconsistent. (*Id.*) The ALJ also pointed to Plaintiff's own testimony as a reason for discounting Dr. McCall's report. (*Id.*) Although Plaintiff may disagree with how the ALJ weighed Dr. McCall's testimony against all other medical and testimony evidence, the Court finds that the ALJ opinion meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence" and offering her interpretation of those facts. *Colvin*, 759 F.3d at 1012.

In her opinion, the ALJ sufficiently explained how she considered the supportability and consistency of Dr. McCall's opinion when assessing its persuasiveness. *See* 20 C.F.R. § 404.1520c. Therefore, the Court finds there was no error in how the ALJ weighed the persuasiveness of Dr. McCall's assessment.

## IV. CONCLUSION

Therefore,

**IT IS ORDERED** affirming the April 7, 2021, decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 13th day of September, 2023.

Honorable Susan M. Brnovich
United States District Judge